UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SECURITIES AND EXCHANGE COMMISSION,**

                    **Plaintiff,**

              **v.**

**Hadsell Chemical Processing, LLC, and Robert Walton, Jr.**

                    **Defendants.**

**Civil Action Case No. 2:17-cv-432**

### FINAL JUDGMENT AS TO DEFENDANT HADSELL CHEMICAL PROCESSING, LLC

The Securities and Exchange Commission ("Commission") having filed a Complaint against Defendant Hadsell Chemical Processing, LLC ("HCP") in the United States District Court for the Southern District of Ohio (the "District Court"), and HCP having commenced a voluntary case (the "Bankruptcy Case") under chapter 7 of title 11 (the "Bankruptcy Code") of the United States Code in the United States Bankruptcy Court for the Southern District of Ohio (the "Bankruptcy Court") on April 28, 2017 (the "Petition Date"), which is pending as case no. 2:17-BK-52717; and Susan L. Rhiel having been appointed as Chapter 7 Trustee (the "Trustee") for HCP; and HCP, by and through the Trustee, having consented to this Court's jurisdiction over HCP and the subject matter of this action; and HCP, by and through the Trustee, having consented to entry of this Final Judgment without admitting nor denying the allegations of the Complaint (except as to jurisdiction), waived finding of fact and conclusions of law, and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant HCP is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) HCP's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with HCP or with anyone described in (a) prior to the Petition Date.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant HCP is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of

any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise(a) HCP's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with HCP or with anyone described in (a) prior to the Petition Date.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant HCP is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

  (b)  Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

  (c)  Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise(a) HCP's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with HCP or with anyone described in (a) prior to the Petition Date.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any claims for disgorgement are dismissed with prejudice.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein.

4

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment and the Bankruptcy Court shall retain jurisdiction to hear and determine all Claims (as defined below) against Defendant HCP and of the Trustee, and the Trustee's entry into the Consent, and this Judgment shall only be effective upon Bankruptcy Court approval of the Trustee's entry into the Consent.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, except as specifically set forth herein, nothing in this order or the Consent shall be or be deemed to be an admission, waiver, or release of any claim, right, remedy, cause of action or defense of any type or nature whatsoever of Defendant HCP against third parties or of third parties against Defendant HCP (collectively, "Claims"), and no third party, including any creditor in the Bankruptcy Case, may use or rely on this Order to effect an estoppel, waiver, defense, or release of any Claims.

VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**Date:  November 8, 2017**

　　　　　　　　　　　　　　　　　　　　　　　　 _s/ George C. Smith_　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**